# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 92 C 1647 | **DATE** | 8/28/2001 |
| **CASE TITLE** | Peters vs. Northern Trust Company | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Motions of Frank E. Peters to bar Hapgood's testimony [241] and to bar use or reference to certain privileged documents [242] are denied. Motion of Frank E. Peters to bar reference to him as a "millionaire" or otherwise introduce evidence of his wealth [240] is granted in part and denied in part. Ruling is reserved on Frank E. Peters' motion to bar reference to settlement negotiations and agreements [243].

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | 5 number of notices | **Document Number** |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | AUG 29 2001 date docketed | 276 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 8/29/2001 date mailed notice | |
| MD | courtroom deputy's initials | ED-7 FILED FOR DOCKETING 01 AUG 29 AM 7:57 | MD mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| FRANK E. PETERS, | ) | |
| | ) | |
| Counter-Plaintiff, | ) | |
| | ) | 92 C 1647 |
| | ) | |
| v. | ) | |
| | ) | |
| THE NORTHERN TRUST COMPANY, | ) | |
| | ) | |
| Counter-Defendant. | ) | |

DOCKETED

AUG 2 9 2001

## MEMORANDUM OPINION AND ORDER

The facts of this case have been set forth in numerous previously-issued opinions and need not be repeated here. Presently before the court are plaintiff Frank E. Peters' four motions *in limine*. For the reasons articulated below, two are denied, one is granted in part and denied in part, and one is reserved until trial.

1. Peters' Motion *In Limine* to Bar Reference to Him as a "Millionaire" or Otherwise Seeking to Introduce Any Evidence of or Referring to His Personal Wealth or Financial Condition

Peters concedes that evidence "of his income loss and income may be relevant, for purposes of damages," but claims that "his accumulation of personal wealth or lack thereof" or his "ability to generate or create wealth through investments [is not] probative of any fact at issue in this lawsuit." (Peters' Mot. ¶ 4.) As Peters admits, he has put his wealth in issue for damages purposes and, therefore, evidence of his personal wealth is certainly probative and Peters cannot use Fed. R. Evid. 403 to bar introduction of all such evidence. For example, Peters claims he suffered, *inter alia*, damage to his reputation and damage to his earning power. Nevertheless, the

1

court believes that assigning a "millionaire" or "wealthy" label to Peters could unfairly prejudice him in the eyes of the jury. Coming from the defense side, the terms could well be heard as pejorative suggestions that because Peters has been (likely) more privileged than the members of the jury, he is not entitled to relief. For these reasons, the motion [#240] is granted insofar as it seeks to bar reference to Peters as a millionaire or a wealthy man or other similar terms.

2.      Peters' Motion *In Limine* to Bar Mark Hapgood, Q.C., From Testifying in this Case

Northern has identified Hapgood as an expert on U.K. law. "Federal Rules of Evidence 702 and 704 prohibit experts from offering opinions about legal issues that will determine the outcome of a case. That is, they cannot testify about legal issues on which the judge will instruct the jury." *United States* v. *Sinclair*, 74 F.3d 753, 758 n.1 (7th Cir. 1996) (citing *Bammerlin* v. *Navistar Int'l Transp. Corp.*, 30 F.3d 898, 900 (7th Cir. 1994), and *Harbor Ins. Co.* v. *Continental Bank Corp.*, 922 F.2d 357, 366 (7th Cir. 1990)). "The one well-recognized exception [to this general rule] is for questions of foreign law, where the judge may be aided by an expert's assistance." *Nieves-Villanueva* v. *Soto-Rivera*, 133 F.3d 92, 99 (1st Cir. 1997); *Thompson Consumer Elec., Inc.* v. *Innovatron, S.A.*, 3 F. Supp. 2d 49, 52 (D.D.C. 1998) (same). *See also Overseas Dev. Disc Corp.* v. *Sangamo Contsr. Co., Inc.*, 840 F.2d 1319, 1324 (7th Cir. 1988) ("To determine foreign law, a district court may look to any relevant source, including expert testimony."); *Ludgate Ins. Co. Ltd.* v. *Becker*, 906 F. Supp. 1233, 1238 n.6 (N.D. Ill. 1995) (noting that because English law was likely to be applied, it was "proper to consider the additional expense and inconvenience of requiring the testimony of expert witnesses on English law" when engaging in a *forum non conveniens* inquiry). This "testimony is generally given to the judge, [however], and is meant to assist the judge in determining the appropriate instruction."

2

*Nieves-Villanueva*, 133 F.3d at 99. In this case, this court is unfamiliar with U.K. law and will be assisted by expert testimony on the subject. Peters has been aware that Northern intended to introduce expert testimony regarding U.K. law and the contents of Hapgood's opinions for quite some time (indeed, Peters unsuccessfully moved to strike Hapgood's expert report in May, 1998 for the same reasons stated in his present motion) and could have retained his own expert. Moreover, the court "may reject even uncontradicted conclusions of an expert witness and reach [its] own decisions on the basis of independent examination of foreign legal authorities." *Access Telecom, Inc.* v. *MCI Telecomm. Corp.*, 197 F.3d 694, 713 (5th Cir. 1999) (citation and internal quotation marks omitted). The court, therefore, denies Peters' motion [#241].

3.   Peters' Motion in Limine to Bar Use or Reference to Privileged Communications

Peters' motion is essentially a motion to reconsider Judge Andersen's April 30, 1998 ruling denying Peters' motion for a protective order and to return privileged documents. Indeed, the two motions are almost identical. Moreover, on August 14, 1995, Northern filed with this court a document entitled "Stipulated Facts," wherein both parties agreed that most of the documents Peters now seeks to bar use of "are admissible as evidence in any trial of this cause without further foundational requirement. However, all objections based upon relevance or materiality are reserved for future determination as to each document." (emphasis in original). Notwithstanding these problems, and after consideration of Peters' arguments, the court finds that Peters' motion has no merit. *People* v. *Murray*, 711 N.E.2d 1230, 1235 (Ill. App. Ct. 1999), the only case Peters cites issued after Judge Andersen's April 30, 1998 ruling, merely stands for the proposition that "[s]everal tests have been advanced to determine whether the [attorney-client] privilege has been waived" and that "[g]iven the facts presented [in that case, the court

3

believed] the subjective analysis should be applied." While it is true that under the subjective test, inadvertent disclosure can never waive the attorney-client privilege, the court never gave any indication that the objective or balancing tests were no longer available analyses. To the contrary, the opinion plainly states that these options remain viable. Hence, *Murray* fails to set forth new law and the court denies Peters' motion [#242].

4. <u>Peters' Motion in Limine to Bar Reference to Settlement Negotiations and Agreements</u>

Peters seeks to exclude various exhibits tendered by Northern that reflect communications discussing settlement of related litigation between Peters and WDA and DCG, and between Peters and Parrot. The documents appear to be correspondence between Peters and his counsel or between Peters' counsel and counsel for adverse parties in these law suits, and in one instance a draft settlement agreement in one of the cases. Northern argues that the documents are relevant to causation of damages and are admissible under an impeachment or rebuttal exception to Federal Rule of Evidence 408 that precludes use of "[e]vidence of conduct or statements made in compromise negotiations." Northern argues (1) that such evidence is admissible to rebut Peters' contention that Northern caused his injuries because the settlement evidence shows that Peters held others responsible for the same losses and that his reputation had been damaged by others prior to any acts by Northern, and (2) that such evidence is admissible to impeach Peters because he denied at his deposition that his lawsuit against Northern seeks to recover damages that were previously sought in other suits. Northern is correct that "Rule 408 is not an absolute ban on all evidence regarding settlement negotiations. The rule permits evidence that is otherwise discoverable or that is offered for a purpose other than establishing liability," including rebuttal and impeachment purposes. *Bankcard America, Inc. v. Universal Bancard Systems, Inc.*, 203 F.3d 477, 484 (7th Cir.

4

2000). Evidence that other litigation existed and the nature of the allegations in that litigation comes within the "otherwise discoverable" exception to Rule 408, so it is unlikely that the proffered extrinsic documents would even be needed to rebut Peters' claims here of causation.[1] In other words, the need for these particular documents is not at all clear and unless Northern can show that the evidence is probative of genuinely contested facts and not cumulative, the court may exclude the evidence under Rule 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by . . . needless presentation of cumulative evidence."). The cases on which Northern relies illustrate exceptions to Rule 408's exclusion where the court found that evidence deriving from settlement negotiations was offered for a purpose other than to prove liability for or invalidity of a claim. In *Bankcard,* the Seventh Circuit ruled that evidence deriving from settlement negotiations was properly admitted to show a witness's state of mind and to explain his subsequent conduct. Similarly, in *Friedus* v. *First Nat'l Bank of Council Bluffs*, 928 F.2d 793 (8th Cir 1991), cited with approval in *Bankcard,* the Eighth Circuit ruled that letters exchanged during settlement negotiations were properly admitted to rebut plaintiff's witness who testified at trial that the bank had never given plaintiff an explanation for certain conditions the bank had placed on its consent to sale. In *County of Hennepin* v. *Alpana*, 726 F.2d 149 (8th Cir. 1984), the county sued a window manufacturer based on defective manufacture. The county had also settled a claim and law suit against its insurer for replacement of the windows in the amount of $425,000. At trial, the county offered testimony that the entire claim against the insurer was for damage to the

---

[1]This is not to say, however, that Peters' allegations in other litigation are necessarily probative of causation here, nor has the court examined whether the claims in the other law suits have any relevance to the elements of proof of defamation, the sole remaining claim to be tried here.

windows caused by a storm, not defects. The court allowed defendant to use evidence that plaintiff had claimed but $83,000 from the insurer for the storm, and the amount of the settlement to prove that the plaintiff had been compensated by the insurer for the defects rather than, as plaintiff contended, that the $392,000 difference was merely a "windfall." In line with the cited cases, to the extent the proposed evidence is used to attack a witness's credibility or to rebut evidence offered by the plaintiff, it may be admissible, but this cannot be determined until a witness testifies and the point on which Northern wishes to impeach or rebut, as well as the relevance of the precise portion of the submitted documents to be offered, are identified. For example, if Peters testifies that his lawsuit against Northern does not seek to recover damages that were previously sought in the other litigation, then any statement by him or his agent contained in these documents that tends to prove the contrary could be used for cross-examination under Rule 613 or as substantive admissions under Rule 801(d)(2). For these reasons, ruling on Peters' motion [#243] is reserved until trial.

## CONCLUSION

For the above-stated reasons, the court denies Peters' motions to bar Hapgood's testimony [#241] and to bar use or reference to certain privileged documents [#242], and grants in part and denies in part Peters' motions to bar reference to him as a "millionaire" or otherwise introduce evidence of his wealth [#240]. Ruling is reserved on Peters' motion to bar reference to settlement negotiations and agreements [#243].

Date: August 28, 2001                    Enter: _____
                                                 JOAN HUMPHREY LEFKOW
                                                 United States District Judge